UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, § | |
| United States Department of Labor § | |
| § | |
| VS. § | CIVIL ACTION NO. G-05-674 |
| § | |
| M&D, INC., § | |
| d/b/a MARCELO'S FAJITA GRILL § | |
| and MARCELO GARCIA § | |

## OPINION AND ORDER

Before the Court is the "Motion for Summary Judgment" of Plaintiff, Elaine L. Chao, Secretary of Labor of the United States Department of Labor, seeking judgment against Defendants M&D, Inc., d/b/a Marcelo's Fajita Grill and Marcelo Garcia under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.*. The Defendants have failed to file a timely response to the Motion for Summary Judgment. This case is on this Court's docket by consent of the Parties pursuant to 28 U.S.C. § 636.

Under summary judgment standards, the Court may not grant summary judgment by default when the non-movant fails to file a response, Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cri. 1988); however, in such a situation, the Court may accept the movant's evidence as undisputed, Id., and grant summary judgment if that undisputed evidence establishes a *prima facie* showing of movant's entitlement to that relief. C.F. Dahlberg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988) (Where non-movant failed to submit affidavits, discovery items, or even pleadings on dispositive matters, no genuine issue of material fact existed.)

Secretary Chao filed suit to collect, now undisputed, back wages from the Defendants on behalf of 19 employees who were denied overtime and charged work uniform deductions in violation of the FLSA in the total amount of $17, 831.66.  Marcelos's Fajita Grill, which was owned by M&D, Inc. and managed by Marcelo Garcia, was, during the time in question, an enterprise engaged in commerce with annual sales in excess of $500,000.00 and, therefore, within the coverage of the FLSA.  The employees were employed and paid by M&D, Inc., but Garcia was the individual involved in hiring, disciplining and firing of employees and setting their pay rates.  Consequently, both M&D, Inc. and Garcia are considered employers who are jointly and severally liable under the Act.  Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir. 1984)  Therefore, under the undisputed evidence, Secretary Chao is entitled to judgment for back wages against both Defendants.

The FLSA authorizes prospective injunctive relief after violations of the Act have been established, see 29 U.S.C. § 217, see also Shultz v. Hinojosa, 432 F.2d 259, 260 (5th Cir. 1970), and Secretary Chao is, therefore, entitled to such relief.

Finally, in the absence of a good faith reason for the Defendants' non-compliance with the provisions of the FLSA, Secretary Chao is also entitled to liquidated damages in an amount equal to the unpaid back wages.  See 29 U.S.C. § 216(b)

For all of the foregoing reasons, it is the **ORDER** of this Court that the "Motion for Summary Judgment" (Instrument no. 18) of Plaintiff, Elaine Chao, Secretary of Labor of the United States Department of Labor is **GRANTED in its entirety**.

**DONE** at Galveston, Texas, this _____18th_____ day of April, 2007.

_____
John R. Froeschner
United States Magistrate Judge